UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No: 2:15-cr-115-SPC-DNF

DANIEL VARGAS

---

**OPINION AND ORDER**

Before the Court are Defendant Daniel Vargas' Motion for Retroactive Application of Sentencing Guidelines (Doc. 623), the United States Probation Office's Memorandum (Doc. 646), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 667). For the following reasons, the Court denies the motion.

In November 2020, the Court sentenced Defendant to 188 months' imprisonment on drug-related charges. (Doc. 552). In the motion, Defendant moves for retroactive application of the sentencing guidelines but offers no other basis for the motion or argument. (Doc. 623).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet

three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

Further, Part B of Amendment 821 allows for relief for zero-point offenders by providing for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Amendment 821, Part B.

Despite Defendant's arguments, he is not entitled to a sentence reduction. As the Probation Office explains, Defendant was assessed one or more criminal history points and was not assessed status points. (Doc. 646 at 2).

The Federal Defender agrees with Probation's assessment. (Doc. 667 at 2–3). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that he will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. The Federal Defender states that he will notify Defendant of his position and move to terminate his representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because neither Part A nor Part B, subpart 1 applies to Defendant, he is ineligible for a reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Daniel Vargas' Motion for Retroactive Application of Sentencing Guidelines (Doc. 623) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on September 4, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record